# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Case No. 1:01-cr-191 |
| ) | |
| v. ) | |
| ) | |
| DAVID HILL, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## **Memorandum Opinion**

THIS MATTER comes before the Court on Defendant David Hills's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On August 15, 2001, after a three-day trial, a jury found Defendant guilty on seven counts. Those counts include one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)-(d); and three counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The Court sentenced Defendant to serve three hundred months concurrently on Counts 1, 2, 4, and 6; eighty-four months to run consecutively on Count 3; and three hundred months to run consecutively on Counts 5 and 7. Defendant's § 2255 motion

relates to his convictions for using a firearm during a crime of violence.

On June 21, 2016, Defendant moved to vacate three of his convictions pursuant to 28 U.S.C. § 2255, arguing that his convictions under § 924(c) violate due process based on Johnson v. United States, 135 S. Ct. 2551 (2015). Defendant argues that his motion to vacate these convictions is timely under § 2255(f)(3) because the Supreme Court in Johnson created a new right. In the same motion, Defendant also argues that the sentence enhancement he received under the residual clause of the Sentencing Guidelines violates due process because the residual clause is unconstitutionally vague. Defendant argues that his challenge to his sentence is timely under § 2255(h)(2). Defendant has also filed several motions to amend his § 2255 Petition. On July 21, 2016, the Government filed a motion to dismiss Defendant's § 2255 motion as untimely.

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his

grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Defendant's motion challenging his conviction is untimely, despite his argument that his motion qualifies under § 2255(f)(3) after the decision in Johnson. Under § 2255(f)(3), a motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Johnson, the Supreme Court held that imposing an increased sentence for "crimes of violence" under the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and violated the Due Process Clause. 135 S. Ct. at 2563. The Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held that Johnson's invalidation of the ACCA's residual clause has a retroactive effect to cases on collateral review. Id. at 1265.

For a motion filed pursuant to § 2255(f)(3), the Supreme Court itself must recognize the specific substantive right at issue. The Supreme Court has not held that Johnson applies to § 924(c)(3)(B), and "[s]ection 2255(f)(3) does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on

collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). Unless the Supreme Court itself recognizes a "new" right, § 2255(f)(3) is not a valid ground for filing a motion more than one year after the conviction was final.

A case announces a "new" right if a later extension of an earlier case was dictated by precedent and was apparent to all reasonable jurists. Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final . . ."); see also Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (A rule is "not so dictated . . . unless it would have been 'apparent to all reasonable jurists'") (citing Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)). The requirement that an extension be apparent to "all reasonable jurists" is a demanding one.

In mounting a Johnson challenge to § 924(c)(3)(B), the Defendant cannot maintain that it is apparent to all reasonable jurists that Johnson invalidates § 924(c)(3)(B) and created a new substantive right under that provision. Notably, the only circuits to address this precise question have rejected the argument made by Defendant. See United States v. Prickett, 839 F.3d 697, 700 (8th Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016) (distinguishing the ACCA residual clause from the clause in § 924(c)(3)(B)).

Furthermore, the Fourth Circuit has not treated Johnson as having dictated to all reasonable jurists that § 924(c)(3)(B) is unconstitutionally vague. To the contrary, in United States v. Fuertes, the Fourth Circuit declined to decide § 924(c)(3)(B)'s constitutionality and noted that in Johnson "the Supreme Court held unconstitutionally vague the version of the residual clause set forth in 18 U.S.C. § 924(e)(2)(B), but the Court had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B)." 805 F.3d 485, 499 n.5 (4th Cir. 2015). The above authority shows that Defendant's motion is untimely because Johnson did not invalidate § 924(c)(3)(B), and Johnson did not create the new right that Defendant asserts was created. Because Johnson did not create a new right and Defendant is filing the instant challenge to his convictions under § 924(c) more than one year after his conviction became final, his argument is untimely.

Next, the Court turns to Defendant's challenge to his sentence enhancement under the residual clause of the Sentencing Guidelines. In Beckles v. United States, the Supreme Court held that the residual clause of the Sentencing Guidelines was not void for vagueness. 137 S. Ct. 886, 897 (2017) ("§ 4B1.2(a)'s residual clause is not void for vagueness. . . ."). Accordingly, the Supreme Court's holding in Johnson does not apply to the

5

Sentencing Guidelines, and Defendant's challenge to his sentence based on § 4B1.2(a) is without merit.

In sum, Defendant's challenge to his conviction is untimely, and his challenge to his sentence enhancement is without merit. Thus, Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. Furthermore, Defendant's various Motions to Amend (ECF #297, ECF #303, ECF #304, ECF #309) are DENIED because these are successive § 2255 motions unrelated to <u>Johnson</u>, and the Fourth Circuit only authorized Defendant to file a successive § 2255 motion for a claim based on <u>Johnson</u>. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017